Gutierrez v Reiser (2018 NY Slip Op 02124)





Gutierrez v Reiser


2018 NY Slip Op 02124


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


5942 154318/14

[*1]Miriam Y. Gutierrez, Plaintiff-Respondent,
v
Hal L. Reiser, Defendant-Appellant.


Brand Glick Brand, P.C., Garden City (Kenneth Finklestein of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered February 16, 2017, which denied defendant's motion for sanctions on grounds of spoliation of evidence, unanimously affirmed, with costs.
Plaintiff, while driving her minivan, was involved in two motor vehicle accidents  on April 10, 2013 she was rear-ended by defendant, and on April 29, 2013, 19 days later, she struck another vehicle. Notwithstanding that the parties entered into a so-ordered stipulation that granted plaintiff's motion for summary judgment on liability, the issue of which accident was the cause of plaintiff's personal injuries is unresolved (see e.g. Williams v State of New York, 308 NY 548, 554 [1955]). Defendant contends that plaintiff's disposal of her minivan before his insurance carrier had an opportunity to inspect it is sanctionable because the inspection of the minivan is crucial to determining whether plaintiff's alleged injuries are attributable to the April 10 or the April 29 accident.
Defendant had the burden of establishing that plaintiff had a duty to preserve the minivan at the time it was destroyed, that plaintiff had a culpable state of mind, and that the destroyed evidence was relevant to and supported defendant's claim or defense (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543 [2015]). Defendant failed to satisfy this burden. Plaintiff testified that before she had the second accident the minivan was examined at an auto body repair shop at the request of an insurance company. She testified that it was not her insurance company. Plaintiff also identified the auto body repair shop to which she took the vehicle after the second accident, and testified that this shop inspected damage to the minivan from both accidents. Defendant failed to proffer an affidavit to controvert this testimony. Indeed, defendant failed to detail any follow-up investigations his insurance carrier conducted concerning the named auto body repair shop. In any event, other evidence, such as the parties' deposition testimony, photographs taken by plaintiff and defendant at the accident scene of the damage to their vehicles, and the police report from both accidents are sufficient substitutes for another inspection of the vehicle.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK